# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

$\mathfrak{Supreme\ Court\ of\ Ken}$ FINAL

2008-SC-000804-MR

DATE *Althea Hicks 9-16-10*

PAUL D. YORK, SR.                                                                        APPELLANT


                         ON APPEAL FROM BULLITT CIRCUIT COURT
V.                       HONORABLE RODNEY D. BURRESS, JUDGE
                                   NO. 08-CR-00145


COMMONWEALTH OF KENTUCKY                                          APPELLEE


## MEMORANDUM OPINION OF THE COURT

### AFFIRMING


Appellant, Paul D. York, appeals from a Judgment of the Bullitt Circuit

Court, entered upon a jury verdict, convicting him of complicity to burglary,

second degree and of theft by unlawful taking, more than $300.00. Appellant

was also found to be a first-degree persistent felony offender (PFO1). He was

sentenced to ten years imprisonment for the burglary conviction and five years

imprisonment for the theft conviction, enhanced to ten years by his PFO1

status, with the two ten-year sentences ordered to run consecutively for a total

of twenty years. Appellant appeals to this Court as a matter of right. Ky.

Const. §110(2)(b). He argues that the trial court erred in refusing his tendered

instruction on attempted theft by unlawful taking. Additionally, he raises three

claims of error concerning the penalty phase of his trial; namely, that the

introduction of his prior convictions through testimony by an Assistant Commonwealth's Attorney prejudiced him; that one of the previous convictions utilized to establish his PFO1 status was not valid; and that he was prejudiced by improper closing arguments made by both the Commonwealth and his co-defendant's counsel. Finding no merit to Appellant's contentions, we affirm his convictions and sentence.

## RELEVANT FACTS

Appellant's convictions stem from events occurring on April 3, 2008, when detectives with the Bullitt County Sheriff's Office responded to a report of a residential burglary. Appellant's accomplice, Kenneth Huffman, was sitting in the get-away vehicle on the side of the road. When the detectives arrived and began to exit the vehicle, Huffman sped off. One of the detectives pursued him and the other stayed behind to investigate the residence. As the detective approached the house, he saw a footprint on the side of the door and observed that the lock was splintered, suggesting that it had been kicked in. The detective drew his weapon and pushed the door open whereupon he discovered Appellant coming down the hallway, carrying a clipboard in one hand and a red sack in the other. When the detective ordered Appellant to get on the ground, he complied. The detective restrained Appellant until backup arrived.

Meanwhile, the second detective pursued Huffman, who sped out of the subdivision on the wrong side of the road. With the aid of city police officers, Huffman was soon forced to stop his vehicle. In response to the detective's questions, Huffman stated that he had been at the subject residence to fix a

leaky roof and that he did not know Appellant. However, a search of Huffman and Appellant revealed that each was carrying the same kind of walkie-talkie tuned to the same channel.

The victim, Jeremy Heffernan, was at work during the burglary, but he later identified the red sack as a pillowcase from his bed. He identified the property discovered inside the pillowcase as his wife's jewelry, his grandmother's silverware, and a case of six watches. At trial, Heffernan testified that the value of the watches was $750.00 and the silverware was worth $500.00.

Appellant was indicted for complicity to second-degree burglary, complicity to theft by unlawful taking over $300.00, and for being a persistent felony offender, first-degree (PFO1). A jury found Appellant guilty of all three offenses and recommended an enhanced sentence of twenty years on each of the two felonies, to run consecutively for a total of forty years. The trial court properly lowered each sentence to the statutory maximum calculated under Kentucky Revised Statutes (KRS) 532.110(1) (c), a total of twenty years imprisonment, and entered judgment that was otherwise in accord with the jury's verdict. In his matter-of-right appeal, Appellant raises the four claims of error noted above.

## ANALYSIS

I.  **The Trial Court Properly Declined to Instruct the Jury on Attempted Theft By Unlawful Taking**

Appellant contends that the trial court erred in denying his request for

3

an instruction on attempted theft by unlawful taking. Because Appellant never exited the residence with the stolen items, he asserts that the jury could have believed that the theft was not completed and, therefore, could have found him guilty only of an attempt to commit the underlying crime.

A trial court is duty-bound to instruct the jury on the whole law of the case, including any applicable lesser included offenses. *Houston v. Commonwealth,* 975 S.W.2d 925 (Ky. 1998). Whether a lesser included instruction is required depends on whether there is an evidentiary basis to support it. *Id.* A defendant's entitlement to a lesser included instruction depends upon whether, "considering the totality of the evidence, the jury might have a reasonable doubt as to the defendant's guilt of the greater offense, and yet believe beyond a reasonable doubt that he is guilty of the lesser offense." *Id.* at 929 (*citing Wombles v. Commonwealth,* 831 S.W.2d 172 (Ky. 1992)). Consequently, we must determine whether a jury could have had reasonable doubt of Appellant's guilt of theft by unlawful taking, but could have believed that Appellant was guilty of the attempt of that crime.

With respect to movable property, the offense of theft by unlawful taking is committed when a person unlawfully "[t]akes or exercises control over movable property of another with intent to deprive him thereof." KRS 514.030(1) (a). Criminal attempt of an offense is committed when:

> A person . . . acting with the kind of culpability
> otherwise required for commission of the crime . . . (a)
> [i]ntentionally engages in conduct which would
> constitute the crime if the attendant circumstances
> were as he believes them to be; or (b) [i]ntentionally
> does or omits to do anything which, under the

4

circumstances as he believes them to be, is a substantial step in a course of conduct planned to culminate in his commission of the crime.

KRS 506.010. Appellant submits that because he did not leave the residence with the items he was carrying, a jury could have found that he had taken a substantial step in the course of the theft, but did not complete the act. However, the trial court properly rejected Appellant's tendered instruction on attempt, pointing out that theft by unlawful taking merely required that Appellant take or exercise control over the property. *See* KRS 514.030 (1) (a). To support Appellant's requested instruction, there must have been evidence from which the jury could have believed that Appellant intended to deprive Heffernan of his property, but did not actually take it or exercise control over it. While it is true that Appellant did not leave the residence with the stolen items because he was apprehended inside, he had selected the items, deposited them in a pillow case, and carried them out of the room in which he found them. Accordingly, it is illogical that a jury would find that Appellant intended to deprive Heffernan of the items but had not taken or exercised control over them. As such, the trial court properly rejected Appellant's requested instruction on attempted theft by unlawful taking.

## II. Introduction of Appellant's Prior Convictions through an Assistant Commonwealth Attorney Did Not Constitute Reversible Error

To establish Appellant's status as a first-degree persistent felony offender, certified copies of two prior felony conviction judgments, one from Owen Circuit Court and one from Boone Circuit Court, were introduced into

5

evidence. The Commonwealth called an Assistant Commonwealth's Attorney to read the prior judgments into the record. Appellant objected on grounds that the attorney was not the custodian of the records nor could he testify to the procedures concerning the preparation or maintaining of the records. The trial court correctly rejected Appellant's argument and allowed the Assistant Commonwealth's Attorney to read the judgments into the record. "Pursuant to KRE 1005, a certified copy is self-authenticated and does not require testimonial declarations of its verity." *Skimmerhorn v. Commonwealth*, 998 S.W.2d 771 (Ky. App. 1998). *See also Montgomery v. Commonwealth*, ___ S.W. 3d ___ (Ky. March 18, 2010). Accordingly, it was unnecessary that the attorney have personal knowledge of the authenticity of the judgments as a prerequisite to testifying to their contents.

Before this Court, Appellant appears to have abandoned the grounds that he asserted to the trial court and, instead, argues that he was prejudiced by the Commonwealth's use of an Assistant Commonwealth's Attorney to testify to the prior convictions because of the "authority, prestige and gravitas" of his official position. Appellant's failure to cite the latter grounds as a basis for his objection in the trial court renders the argument unpreserved. *Henson v. Commonwealth*, 20 S.W.3d 466 (Ky. 1999). Moreover, Appellant's assertion that the resulting prejudice was demonstrated by the jury's recommendation of the maximum sentence is unpersuasive because the Assistant Commonwealth's Attorney merely read from the judgments, without comment,

after the judgments were admitted into evidence. As such, Appellant's argument in this regard must fail.

### III. The Judgment of Conviction From Boone Circuit Court Was Properly Admitted to Establish Appellant's Status as a Persistent Felony Offender

Next, Appellant asserts that the judgment of conviction from Boone Circuit Court should not have been used to establish his PFO status because it was not a valid conviction. Specifically, Appellant objected to the judgment being admitted, arguing that although he had pled guilty to second-degree burglary, the indictment had been for first-degree robbery. Appellant reasoned that because he was ultimately convicted of a crime for which he was not indicted, the resulting conviction was invalid. Appellant filed an RCr 11.42 motion for relief from the conviction in Boone Circuit Court, which he attached to a motion in limine filed in the Bullitt Circuit Court to attempt to prevent admission of the conviction. Nevertheless, the trial court properly denied Appellant's motion in limine and allowed the prior judgment of conviction to be admitted.

While a pending direct appeal from a judgment of conviction serves to suspend the judgment, preventing its use to establish PFO status, collateral attacks do not prevent a judgment of conviction from being used to prove PFO status. *Melson v. Commonwealth*, 772 S.W.2d 631 (Ky. 1989). When either the period for filing a direct appeal has expired or a conviction has been affirmed on direct appeal, the conviction is deemed final for purposes of proving a prior conviction under the persistent felony offender statute, KRS 532.080. *Id.* As

the time for pursuing a direct appeal from the Boone Circuit Court conviction expired, without appeal having been taken, the conviction was permissibly admitted to prove Appellant's status as a persistent felony offender.

## IV. Nothing in Closing Arguments During Penalty Phase Was Improper

Appellant's final claim of error concerns closing arguments of the Commonwealth and of his co-defendant's counsel. With respect to the argument of his co-defendant's counsel, Appellant cites to that portion of counsel's argument that sought leniency for her client by distinguishing him from Appellant based on Appellant's more recent criminal history. In so doing, counsel reiterated the two prior felony convictions that had been introduced against Appellant and explained that Appellant's "last" two convictions were in 2005 and 1999, while her client's last conviction was thirteen years prior. Appellant objected to this part of the argument, asserting that counsel was implying that Appellant had more than two prior convictions, which was a mischaracterization of the evidence given that only two prior convictions had been introduced. The trial court overruled the objection, finding that counsel's statement was correct because the two prior convictions referenced were Appellant's "last" two even if they were also his only two prior convictions. While this issue initially appears to have some merit, given the common impression that "last two" implies there were others preceding, the record does not support Appellant's suggestion that he had only two prior convictions. Specifically, Appellant's first judgment of conviction, the Owen County judgment, included a conviction for possession of a handgun by a convicted

felon, meaning that before the Owen County conviction (which was followed by the 2005 Boone County conviction) Appellant had previously been convicted. Thus, there was evidence of record, *albeit* inferential, that Appellant had more than two prior felony convictions. We, thus, agree with the trial court that counsel's argument was not improper although our conclusion is premised on the fact that the co-defendant's counsel did not really mischaracterize the evidence.

Appellant also complains that the Commonwealth's closing argument contained an improper reference. Specifically, after submitting to the jury that the Commonwealth had proven Appellant's two prior convictions for PFO purposes, the Commonwealth stated:

> There is no evidence before the court that those convictions aren't good convictions or that the information contained therein is not absolutely accurate. There is no challenge to it.

Appellant objected and argued that he had, in fact, challenged one of the prior convictions. The trial court overruled the objection. Again, we must agree with the trial court's ruling. Although Appellant challenged one of the prior convictions in a motion in limine, the trial court overruled that motion. Accordingly, the Commonwealth's statement was accurate because no challenge to the convictions had been made before the jury; rather, the trial court's previous ruling on the motion in limine determined that, as a matter of law, Appellant had not presented a legitimate challenge to use of the prior conviction for a PFO charge.

Counsel is given great leeway in the presentation of closing arguments. *Foley v. Commonwealth,* 953 S.W.2d 924 (Ky. 1997). Appellant has failed to show that any improper comments were encompassed in the closing argument of either the Commonwealth or his co-defendant's counsel.

## CONCLUSION

Appellant was not entitled to an instruction on attempted theft by unlawful taking. There was no reversible error in the Assistant Commonwealth's Attorney's testifying to the contents of Appellant's prior judgments of conviction. Likewise, there was no error in the admission of the Boone Circuit Court prior conviction despite a pending collateral attack. And, finally, neither the Commonwealth nor counsel for Appellant's co-defendant made improper closing arguments. Accordingly, Appellant's convictions and sentence are affirmed.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Samuel N. Potter
Assistant Public Advocate
Department Of Public Advocacy
100 Fair Oaks Lane
Suite 302
Frankfort, KY  40601


COUNSEL FOR APPELLEE:

Jack Conway
Attorney General of Kentucky

Perry Thomas Ryan
Assistant Attorney General
Office Of The Attorney General
Criminal Appellate Division
1024 Capital Center Drive
Frankfort, KY  40601-8204